Case 2:

1 MAURICE WAINER (State Bar No. 121678)
  SNIPPER, WAINER & MARKOFF
2 270 N. Canon Drive, Penthouse
3 Beverly Hills, CA 90210
  TELEPHONE: (310) 550-5770 ♦ FACSIMILE: (310) 550-6770
4 EMAIL: Mrwainer@swmfirm.com

5

6 Attorneys for Plaintiff FEDERAL DEPOSIT
7 INSURANCE CORPORATION as Receiver for
  INDYMAC BANK, F.S.B.
8

9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12 FEDERAL DEPOSIT INSURANCE          Case No. CV10-8469-AHM (JCGx)
   CORPORATION as Receiver for
13 INDYMAC BANK, F.S.B.,              **PROTECTIVE ORDER**

14          Plaintiff,                NOTE CHANGES MADE BY THE COURT.

15      vs.

16

17 EAST COAST MORTGAGE
   CORPORATION, a New Jersey
18 corporation,

19          Defendant.

20

21          Pursuant to the stipulation between plaintiff FEDERAL DEPOSIT

22 INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B. and

23 defendant EAST COAST MORTGAGE CORPORATION, a New Jersey

24 corporation (collectively the "Parties"), and being fully advised by the Parties, and

25 good cause appearing, the Court now enters the following Protective Order:

26                      **PROTECTIVE ORDER**

27          The following restrictions shall be observed as to such properly

28 designated Confidential Information as may be produced in discovery by the Parties

                              1

Case

1  to this litigation:

2  **I.   INTRODUCTION**

3      **A.   Definitions**

4          1.      "Confidential Document" means any document produced that

5  bears the stamp or legend specified in Section II, Designation of Confidential

6  Information, below, which signifies that the Designating Person contends that the

7  document contains Confidential Information (as Confidential Information is defined

8  in the next paragraph) entitled to confidentiality under established principles of law.

9          2.      "Confidential Information" means a trade secret or other

10  confidential commercial information, sensitive or proprietary business or financial

11  information, personal information, or information furnished to the party producing

12  the information in confidence by a third party. The following categories of

13  documents, while not exclusive, are deemed to contain Confidential Information:

14          a.      "Loan Origination Files" for the loans at issue in this

15                  litigation which include the borrower's private

16                  information, and other confidential or proprietary

17                  business records.

18          b.      "Loan Servicing Files" for the loans at issue in this

19                  litigation which will include the borrower's private

20                  information.

21          c.      "Foreclosure Files" for the loans at issue in this litigation

22                  which will include the borrower's private information.

23          d.      "Repurchase Demand Files" for the loans at issue in this

24                  litigation which will include the borrower's private

25                  information, confidential business records, and other

26                  proprietary information.

27          e.      "Personal Records" as defined by California Code of

28                  Civil Procedure §1985.3.

3.     "Document" or "Documents" means all written, recorded, electronic or graphic material, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

4.     "Designating Person" means the Party or Person who initially produces the Document and marks it as "Confidential-Subject to Protective Order" pursuant to this Protective Order.

5.     "Party" or "Parties" means any person or entity that is named as a party to this litigation.

6.     "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any government agency.

7.     "Discovery Material" means: (a) all documents produced in this action; (b) all deposition testimony taken in this action, exhibits thereto and any video or transcripts thereof, whether in written or computer format; and (c) responses to interrogatories, responses to requests for admission, and all other written discovery served or filed in this action and all contents of such discovery.

8.     "Disclose" means to show, give, make available, reproduce, communicate or excerpt any Discovery Material, or any part or contents thereof.

**B.     Good Cause**

This action involves a contract dispute between defendant EAST COAST MORTGAGE CORPORATION, a New Jersey corporation, and plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for INDYMAC BANK, F.S.B., relating to an appraisal performed in connection with a loan extended by Indymac Bank.  This litigation will involve the review and analysis of Loan Origination Files, Loan Servicing Files, Foreclosure files, Repurchase Demand Files and other Personal Records of individuals who applied for and obtained mortgage loans at issue. Good cause exists to grant the Parties'

1   request for a Protective Order to (1) preserve the privacy interests of third party

2   borrowers; (2) protect the confidential business records and proprietary information

3   of the plaintiff and defendant; and (3) allow the Parties to exchange information in

4   the most expeditious fashion possible, with a minimum burden, expense, dispute,

5   and delay.  Pursuant to 15 U.S.C. § 6802(e)(8), the production of non-public

6   personal financial information, protected by the measures set out in this Protective

7   Order, shall not constitute a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §

8   6801, et seq. (*Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D.

9   W.Va. 2003).)

10      **C.      Scope of Protective Order**

11             1.      This Protective Order applies to all Parties to this action and

12   their counsel as well as retained and non-retained experts and/or consultants.

13             2.      Nothing in this Protective Order shall require disclosure of any

14   information or material that is protected from disclosure by any applicable

15   privilege.

16             3.      Any Party hereto may make a good faith objection to the

17   designation of any document, response, testimony, or information as "Confidential

18   Information" by the Designating Person, and may make a motion for an order

19   compelling disclosure of and/or access to such material without restriction, after

20   attempting to resolve the objection with the Designating Person. Applicable Federal

21   and/or California law shall govern the burden and standard of proof on any such

22   motion.  Prior to the submission of any such dispute to the Court, the challenging

23   Party shall provide written notice to the Designating Person of its disagreement

24   with the designation, and those Persons shall try first to resolve such a dispute in

25   good faith. Pending the resolution of any such objection or motion, any Discovery

26   Material, the confidentiality of which is disputed, shall remain subject to the terms

27   of this Protective Order.  A Party shall not be obligated to challenge the propriety of

28   information designed as Confidential Information at the time the designation is

4

1 │ made and failure to do so shall not preclude a subsequent challenge thereto.

2 │       4.    This Protective Order shall not abrogate or diminish any

3 │ contractual, statutory, or other legal obligation or right of any Party or Person with

4 │ respect to information designated as "Confidential Information" pursuant to this

5 │ Protective Order. The fact that information is or is not designated as "Confidential

6 │ Information" under this Protective Order shall not determine what a trier-of-fact

7 │ may find to be confidential or proprietary.

8 │       5.    This Protective Order shall not govern the use by a Party of any

9 │ Discovery Material otherwise lawfully in its possession, notwithstanding the fact

10 │ that the Party either produces that Discovery Material in the course of discovery in

11 │ this action or receives a duplicate copy of that Discovery Material through

12 │ discovery in this action.

13 │       6.    The Parties may agree to accord Discovery Material produced in

14 │ this action even greater confidentiality protection than that provided in Section II of

15 │ this Protective Order, and nothing in the provisions of this Protective Order shall be

16 │ deemed to preclude any Person from seeking and obtaining from the Court such

17 │ additional protection with respect to the confidentiality of Discovery Material as

18 │ may be appropriate or necessary.

19 │       7.    Discovery Material shall not be disclosed to any Person or entity

20 │ except as expressly set forth herein. All Discovery Material produced or provided

21 │ by any Designating Person in connection with this litigation shall be used by the

22 │ Parties only for the purposes of this action, including depositions, motions, pre-trial

23 │ preparation, trial or appeal. Otherwise, except by order of the Court, such Discovery

24 │ Material shall not be used by any Party other than the producing Party for any other

25 │ purpose.

26 │       8.    Inadvertent production of privileged information shall not

27 │ constitute a waiver of any applicable privilege. Upon written notice by the

28 │ producing or designating Party that privileged information was inadvertently

5

1 | produced, all Parties shall destroy or return all copies of the information to the
2 | producing or designating Party within ten (10) days of such notice.
3 | **II.  CONFIDENTIAL INFORMATION**
4 |       **A.  Designation of Confidential Information**
5 |             1.  A Designating Person, who reasonably believes in good faith
6 | that a Document being produced contains Confidential Information, may designate
7 | such Document as containing such information only by: (1) Bates stamping such
8 | Document; and (2) stamping such Document with the following legend:
9 | "CONFIDENTIAL INFORMATION."
10 |             2.  Failure of any Designating Person to designate Confidential
11 | Information in the manner described in Paragraph 1 hereof shall not preclude any
12 | Designating Person from thereafter in good faith making such a designation.
13 | Documents and materials so designated shall be fully subject to this Protective
14 | Order and treated thereafter according to the new or corrected designation.
15 |       **B.  Qualified Person Re Confidential Information**
16 |             Any document or other Discovery Material designated as "Confidential
17 | Information" may be disclosed only to the following Persons and/or entities:
18 |             1.  The Court, its officers, jury, and any special master, referee, or
19 | mediator authorized to act in this proceeding;
20 |             2.  Counsel of record for the Parties to this action, and their
21 | employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff,
22 | copy vendors, etc.) who are regularly employed by such counsel and who are
23 | actively engaged in assisting such counsel in this action;
24 |             3.  Court reporters, deposition reporters, and their staff, to the
25 | extent necessary to perform their duties;
26 |             4.  Witnesses in the course of a deposition taken in this action;
27 |             5.  The Parties to this action, and those officers, directors, managing
28 | agents, or employees of the Parties hereto who are actively engaged in the

6

1   preparation of this action for trial or for other resolution;

2              6.      Any retained or non-retained expert and/or consultant who is

3   engaged in the preparation of this action for trial or for other resolution and who

4   agrees in writing to be bound by the confidentiality requirements of this Order.

5        **C.    Limited Use of Confidential Information**

6              Documents and Discovery Material designated "Confidential

7   Information" shall be used solely for this lawsuit, and shall not be used for any

8   other purpose, including, but not limited to, any other litigation, arbitration, or

9   claim.

10       **D.    Filing Under Seal of Confidential Information**

11             If a Party desires to use a Confidential Document or Confidential

12  Information in support of a motion, opposition to a motion, or other document filed

13  with the Court, the Party shall accompany its papers with an Application to file the

14  Confidential Document under seal *strictly* pursuant to the rules of this Court.   The *see L.R. 79-5.1*

15  Application shall be directed to the judge to whom the motion, opposition or other

16  papers are directed. Pending the ruling on the Application, the papers or portions

17  thereof which are subject to the Application shall be lodged under seal.

18       **E.    Hearing Re Confidential Information** *which request may or may not*

19             Counsel for any Party may request that any hearing or testimony with *be granted,*

20  respect to information that has been designated "Confidential Information" by that

21  Party *should* shall be held in camera and the transcripts thereof sealed as provided in

22  Section II, above, such that contents thereof *should* shall not be disclosed to anyone other

23  than the counsel, Parties, and experts hereto, pending further order of the Court.

24       **F.    Depositions Re Confidential Information**

25             The Parties may use Confidential Documents and Confidential

26  Information during depositions in this action. In the event that any document or

27  other Discovery Material designated as "Confidential Information" is marked as an

28  exhibit in a deposition, or any question is asked at a deposition that calls for or

1  requires the disclosure of Confidential Information, any Party may request within

2  twenty (20) days after receipt of the transcript of the deposition (through written

3  notice to all Parties) that any portion of such deposition transcript relating to

4  Confidential Information be designated pursuant to this Protective Order.  If the

5  designation is made after the court reporter has prepared the transcript, each counsel

6  shall be responsible for appropriately labeling all of his or her copies of such

7  deposition transcript.

8       Any Party also may request at the deposition (through a notation on the

9  record) that the portion of the deposition transcript relating to such Confidential

10 Information be treated as follows:

11      The reporter shall separately bind the portion(s) of the transcript

12 containing Confidential Information, and any exhibit(s) to the deposition designated

13 as "Confidential Information," and shall mark such portion(s) and exhibit(s)

14 substantially as follows:

15                    CONFIDENTIAL INFORMATION

16                    FDIC v. EAST COAST, et al.

17                    Case No.  CV10-8469-AHM (JCGx)

18 **III.   POST-DISCOVERY TREATMENT OF DESIGNATED**

19      **INFORMATION**

20      1.   This Protective Order shall not govern at trial.  The Parties to

21 this action shall attempt to agree on procedures to protect at trial the confidentiality *reasonably*

22 of information designated pursuant to this Protective Order and shall, prior to trial,

23 submit such proposed procedures to the Court for its approval or modification.

24      2.   Not later than thirty (30) days after the final disposition of this

25 litigation, including any appeals, all Discovery Material shall, at the option of the

26 Receiving Party, be returned to counsel for the Producing Party or to the

27 Designating Persons or destroyed and a certificate of destruction provided.  If any

28 Discovery Material is furnished under this Protective Order to any expert or to any

8

1   other Person, the attorney for the Party retaining such expert or furnishing the

2   Discovery Material shall be responsible to ensure that it is returned and disposed of

3   pursuant to this Protective Order.

4       3.      No part of the terms of this Protective Order may be terminated,

5   except by the written stipulation executed by counsel of record for each Party, or by

6   an order of this Court for good cause shown. This Protective Order shall survive

7   any final disposition of this case, and after termination of this action, the Court shall

8   retain jurisdiction to enforce or modify this Protective Order.

9       4.      If at any time any Confidential Information protected by this

10  Protective Order is subpoenaed or requested by any court, administrative or

11  legislative body, person or entity, other than a Party to this action purporting to

12  have authority to require the production of such information, the Party to whom the

13  subpoena or other request is directed shall immediately give written notice thereof

14  to any Party which has designated such information as Confidential Information so

15  as to advise such Party of the need to promptly obtain a protective order or act to

16  quash the subpoena.  The Party to whom the subpoena or other request is directed

17  shall not produce the Confidential information until the party seeking to maintain

18  confidentiality has had thirty (30) calendar days to obtain an appropriate order.

19      IT IS SO ORDERED.

20

21  DATED: _/. 3 2012_

22

                                        Judge / Magistrate of the United States
23                                      District Court

24

25

26

27

28

9

**Exhibit A**

## ACKNOWLEDGMENT OF PROTECTIVE ORDER
### AND  AGREEMENT TO BE BOUND

I, _____, declare that:

My address is _____; my present

occupation is _____; and I am currently employed by

_____ _____ . I have been retained by

_____ with respect to this litigation.

I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in Paragraph B.6 thereof as being able to be given access to Confidential Information.

I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit any Confidential Information that I receive in this action, except to the extent that such Confidential Information is or becomes public domain information or otherwise is not deemed Confidential Information in accordance with the Protective Order.

I agree to subject myself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of proceedings relating to my performance under, in compliance with, or violation of this Protective Order.

I understand that disclosure of Confidential Information in violation of this Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:

_____

Print Name: _____

10